UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JASON WILLIAMS and N. PAGE,

                           Plaintiffs,

          -against-                                22 Civ. 4224 (PAE)

JOHN DOE ASSAILANT, JANE DOE 347 891        VALENTIN ORDER
4841, JOHN DOE MALE TEAM CO'S OBCC,
and JANE DOE FEMALE CO OBCC,

                           Defendants.

---

PAUL A. ENGELMAYER, United States District Judge:

       Plaintiff Jason Williams, who is currently incarcerated at Five Points Correctional Facility, brings this action under 42 U.S.C. § 1983, on behalf of himself and N. Page. Williams alleges that correction officers failed to protect him from an assault by another detained individual when he was confined at the Otis Bantum Correctional Center ("OBCC")

       By order dated August 16, 2022, the Court granted Williams's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1]  For the following reasons, the Court dismisses N. Page from this action and dismisses Williams's claims against Jane Doe 347 891 4841 (also referred to as Jane Doe attorney).  The Court further seeks assistance from the New York City Department of Correction ("DOC") and the New York City Law Department in identifying the John Doe assailant and the John and Jane Doe correction officers Williams seeks to sue.

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP.  *See* 28 U.S.C. § 1915(b)(1).

**STANDARD OF REVIEW**

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief from a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See id.* §§ 1915(e)(2)(B), 1915A(b); *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest arguments that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citations omitted). But the "special solicitude" accorded to *pro se* litigants, *id*. at 475 (citation omitted), has its limits. To state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. *See* Fed. R. Civ. P. 8(a)(2).

**DISCUSSION**

**A.     Claims on behalf of N. Page**

Williams styles the complaint as an action on behalf of himself and N. Page, who has not signed the complaint. "[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause." *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998); *see, e.g.*, *United States v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who

is not licensed as an attorney 'may not appear on another person's behalf in the other's cause.'" (citations omitted)). As a non-attorney, Williams cannot bring claims on behalf of N. Page. The Court therefore construes the complaint as asserting claims solely on behalf of Jason Williams, the only person who signed the complaint, and dismisses without prejudice all claims asserted on behalf of N. Page.

**B.      Claims against Jane Doe attorney**

Williams's claims against the Jane Doe attorney for her failure to file claims arising out of the assault must be dismissed. A claim for relief under section 1983 must allege facts showing that each defendant acted under color of a state "statute, ordinance, regulation, custom, or usage." 42 U.S.C. § 1983. Private parties therefore generally are not liable under the statute. *See Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (per curiam) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. County of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). Absent special circumstances suggesting concerted action between an attorney and a state representative, *cf. Nicholas v. Goord*, 430 F.3d 652, 656 n.7 (2d Cir. 2005) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)), the representation of a defendant by private counsel does not constitute the degree of state involvement or interference necessary to establish a claim under section 1983. *See Bourdon v. Loughren*, 386 F.3d 88, 90 (2d Cir. 2004) (citing *Polk County v. Dodson*, 454 U.S. 312, 318–19 (1981)).

Here, Williams seeks to sue the Jane Doe attorney for failing to file a claim on his behalf. As it appears that the Jane Doe attorney is a private party who is not alleged to work for any state or other government body, Williams has not stated a claim against this defendant under section

1983. Williams's claim against the Jane Doe attorney is thus dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

C.  *Valentin* **Order to identify John Doe assailant and the John and Jane Doe correction officers**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997) (per curiam). In the complaint, Williams supplies sufficient information to permit the New York City Department of Correction to identify: (1) the John Doe assailant who attacked Williams on the morning of June 4, 2019, at OBCC; (2) the team of John Doe correction officers who were escorting the John Doe assailant; and (3) the Jane Doe correction officer who was escorting Williams. It is therefore ordered that the New York City Law Department, which is the attorney for and agent of the Department of Correction, must ascertain the identities of each John and Jane Doe whom Williams seeks to sue and the address where each defendant may be served.[2] The Law Department must provide this information to Williams and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Williams must file an amended complaint naming the John and Jane Doe defendants. The amended complaint will replace, not supplement, the original complaint. An amended complaint form that Williams should complete is attached to this order. Once Williams has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order asking the newly named defendants to

---

[2] If the Doe defendant is a current or former DOC employee or official, the Law Department should note in the response to this order that an electronic request for a waiver of service can be made under the e-service agreement for cases involving DOC defendants, rather than by personal service at a DOC facility. If the Doe defendant is not a current or former DOC employee or official, but otherwise works or worked at a DOC facility, the Law Department must provide a residential address where the individual may be served.

waive service or directing the Clerk of Court to complete the USM-285 forms with the addresses for the named John and Jane Doe defendants and deliver all documents necessary to effect service to the U.S. Marshals Service.

## CONCLUSION

For the foregoing reasons, the Court construes the complaint as being brought solely on behalf of Jason Williams and dismisses without prejudice all claims asserted on behalf of N. Page.  The Court also dismisses Williams's claims against Jane Doe 347 891 4841 for failure to state a claim on which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk of Court is directed to mail a copy of this order and the complaint to the New York City Law Department at 100 Church Street, New York, New York 10007.  An Amended Civil Rights Complaint form is attached to this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal.  *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to mail an information package to Williams.

SO ORDERED.

Dated:   August 19, 2022
         New York, New York

_____
PAUL A. ENGELMAYER
United States District Judge